COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Felton and Senior Judge Willis


STERLING R. BRICKEY, JR.
                                    MEMORANDUM OPINION*
v.    Record No. 1553-02-3              PER CURIAM
                                     JANUARY 28, 2003
HUMPHREY'S, INC. AND
 TRANSCONTINENTAL INSURANCE COMPANY


         FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (D. Allison Mullins; Lee & Phipps, P.C., on
            brief), for appellant.

            (Ramesh Murthy; J. Jasen Eige; Penn, Stuart &
            Eskridge, on brief), for appellees.


     Sterling R. Brickey, Jr. (claimant) contends the Workers'

Compensation Commission erred in finding that he failed to prove

he sustained an injury by accident arising out of and in the

course of his employment on January 9, 2001.  Upon reviewing the

record and the parties' briefs, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the

commission's decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "In

order to carry [the] burden of proving an 'injury by accident,'

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

a claimant must prove that the cause of [the] injury was an identifiable incident or sudden precipitating event and that it resulted in an obvious sudden mechanical or structural change in the body." Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989). Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The commission ruled that claimant failed to prove he sustained a mechanical or structural change in his body and, therefore, he failed to establish a new compensable injury by accident occurring on January 9, 2001. In so ruling, the commission found as follows:

> [Claimant] presented no medical evidence that the industrial incident on January 9, 2001, caused a bodily change. Instead, Dr. [Neal A.] Jewell has related claimant's low back condition to his previous 1997 injury. For example, he reported that the new MRI scan revealed degenerative changes similar to the ones already noted. On February 12, 2001, Dr. Jewell directly connected the claimant's ongoing symptoms to the injury of May 1997. There is no medical evidence to the contrary.
>
> Dr. Jewell concluded that the claimant suffered an aggravation of his underlying degenerative disc disease. It is true that an aggravation of an old injury due to a new injury may be compensable. However, the new incident must still meet the requirements of an injury by accident. Without proving a mechanical or structural bodily change, the

> claimant has failed to show an injury by accident.

> We agree with claimant's argument that the employer must accept him with his predisposing physical weaknesses. Nonetheless, he still has the burden of proving that the employment activity caused a sudden, obvious injury. As stated, there is no medical evidence that the January 9, 2001, incident caused a mechanical change in the claimant's back.

In light of Dr. Jewell's opinions and the lack of any compellingly countervailing medical evidence establishing that claimant sustained a structural or mechanical change to his low back as a result of the January 9, 2001 incident, we cannot find as a matter of law that claimant's evidence met his burden of proving he incurred a new compensable injury by accident on that date. "[A]ggravation of an old injury or pre-existing condition is not, per se, tantamount to a 'new injury.' To be a 'new injury' the incident giving rise to the aggravation must in itself, satisfy each of the requirements for an 'injury by accident arising out of . . . the employment." First Fed. Savings and Loan v. Gryder, 9 Va. App. 60, 63, 383 S.E.2d 755, 757-58 (1989).

For these reasons, we affirm the commission's decision.

Affirmed.